Case 1:22-cr-00435-BAH   Document 39   Filed 12/11/23   Page 1 of 9

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

2:06 pm, Dec 11 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*P. Michael Cunningham*
*Assistant United States Attorney*
*michael.cunningham@usdoj.gov*

*Suite 400:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Direct: 410-209-4884*
*Main: 410-209-4800*
*Fax: 410-962-3091*

July 27, 2023

Via email
jeff_dahlberg@fd.org

Jeffrey Dahlberg, Esquire
Assistant Federal Defender
Office of the Federal Public Defender
100 S. Charles Street, Tower II, Ninth Floor
Baltimore, MD 21201

    Re:    *United States v. David Lee Bradby*
             Criminal No.  RDB-22-0435

Dear Mr. Dahlberg:

    This letter, together with the Sealed Supplement, constitutes the plea agreement (this "Agreement") that has been offered to your client, David Lee Bradby, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by August 7, 2023, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty to Count One of the Indictment charging him with Interstate Threatening Communication, in violation of 18 U.S.C. § 875(c). The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Information, in the Districts of Maryland and elsewhere:

    a.    First, that the defendant knowingly transmitted a communication in interstate commerce;

Rev. August 2018

    b. Second, that the communication contained a threat to injure the person of another; and

    c. Third, that the defendant transmitted the communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.

Penalties

  3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 875(c) | NA | 5 yrs | 3 yrs | $250,000 | $100 |

    a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

    d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant

Rev. August 2018

authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

## Waiver of Rights

4.   The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a.   If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

   b.   If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.   If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d.   The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e.   If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f.   By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to

answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial, except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights. ***Specifically, the Defendant will be giving up the right to possess firearms unless that right is restored to him at some time in the future.*** The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential consequences.

### Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.     The Government and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

        a.     The Government and the Defendant further agree that the applicable base offense level is 12, pursuant to United States Sentencing Guidelines ("USSG") § 2A6.1(a)(1).

        b.     Pursuant to USSG § 2A6.1(b)(2), there is a two (2) level increase because there were more than two threats.

        c.     The Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to USSG § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.

        d.     The adjusted offense level is twelve (12).

7.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final

offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.  This case is governed by the Sentencing Reform Act, as modified by *United States v. Booker*, 543 U.S. 220 (2005). The defendant has discussed with his counsel the advisory Sentencing Guidelines and their applicability, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation.

9.  Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

10.  At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence that may be within or below the applicable guideline range (this Office agrees that its recommended sentence will not exceed the low end of the applicable Guideline Sentencing range), period of supervised release, fine and/or restitution, considering any appropriate factors in 18 U.S.C. § 3553(a). After sentencing, the Government will move to dismiss any open counts of the indictment.

## Waiver of Appeal

11.  In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever, except for appeals based on claims of ineffective assistance of counsel or prosecutorial misconduct. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.  The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), **except** as follows: the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

### Defendant's Conduct Prior to Sentencing and Breach

12. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

13. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

### Court Not a Party

14. The Court is not a party to this Agreement. However, if the Court accepts the Parties agreement in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C) and paragraph 10, above, it will be bound to those terms.

### Entire Agreement

15. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Rev. August 2018

Very truly yours,

Erek L. Barron
United States Attorney

By: _____
P. Michael Cunningham
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12/1/23
Date

David Bradby
David Lee Bradby

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

12/11/23
Date

_____
Andrew Szekely, Esq.

Rev. August 2018

7

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

David Lee BRADBY, (hereinafter the "Defendant" or "BRADBY"), believed to be 29 years-old, is a resident of Baltimore currently in pretrial custody.

In or about February 2022, Victim 2, a single, Black, female, residing in the vicinity of Baltimore, Maryland, received a text message and pictures of symbols used by the Ku Klux Klan ("KKK"), purporting to be from [J.M.S.], stating, "My name is [J.M.S.], I am going to kill you when I see you. I know where you work. I will rape your grandmother. I will rape your mother. I will blow your house and your car up because I do not like [you]. Fuck the Police. I got guns in my name. #KKK [J.M.S.] #KKK." Victim 2 alerted law enforcement authorities which began an investigation. The investigators initially focused on J.M.S., but later learned that BRADBY was associated with J.M.S., in that he had periodically dated a woman who was then residing with J.M.S. and with whom she had children. Neither BRADBY nor Victim 2 knew each other; BRADBY sent Victim 2 this message to implicate J.M.S.

After law enforcement attention turned to BRADBY as a suspect in the threat to Victim 2, there were investigative measures aimed at capturing the text and internet communications of BRADBY. It was discovered that between February 13, 2022, and May 24, 2022, BRADBY sent twelve (12) text communications from six (6) different mobile phone numbers, including number 404-947-3986, for all of which BRADBY was the subscriber, from Maryland to the mobile phone number of Victim 1, a Black female, who throughout this time period was a resident of West Virginia, and who received the text communications within West Virginia. Every one of the text messages contained essentially the same content as the text message received by Victim 2:

> Im [sic] going to kill you. When i [sic] see you.
> I know where you work @
> I'll will [sic] rape your grandmother.
> I'll will [sic] rape your Mom.
>
> I will blow your house and car up
> Cuz I do not like. Fuck the Police.
>
> I got Guns [sic] and guns in my name.
> #KKK

The investigation revealed that BRADBY knowingly and willfully transmitted the text communications from Maryland to Victim 1 in West Virginia. Neither BRADBY nor Victim 1 knew each other.

SO STIPULATED:

12/11/23
Date

_____
P. Michael Cunningham
Assistant United States Attorney

12/11/23
Date

David Bradby
_____
David Lee BRADBY
Defendant

12/11/23
Date

_____
Andrew Szekely, Esquire
Counsel for Defendant