IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | Criminal No. 22-cr-0435-BAH |
| **DAVID LEE BRADBY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \*

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, through its undersigned attorneys, and consistent with the parties' plea agreement, recommends the following sentence: a term of incarceration at the low end of the applicable guideline range, with credit for time Bradby has been in federal pretrial custody (since January 6, 2023), and three (3) years of supervised release.

The United States agrees with the calculation of the Defendant's criminal history and the offense level which result in a final guideline range of 30-37 months.[1] The Government also agrees with Investigation Specialist McGuiness' presentence investigation report recommendation of a sentence at the low end of the applicable guideline range.

The Defendant has an unenviable criminal history with some parallels to the instant offense. As the Government noted at the time of his plea, to the best of our ability to assess, Bradby had virtually no connection to the victim in this case, to whom he repeatedly sent interstate threatening communications of a racially suggestive nature, although without specific racial animus or tone. Bradby had in other circumstances engaged in similar communications in what appear to be efforts to intimidate, harass and distress other persons. Unfortunately,

---

[1] The Government does note that Bradby is just within criminal history category VI; if he was in the next lower, the range would be 27-33 months incarceration.

Bradby's criminal record reflects what too often seems to be the disposition of cases in the state justice system, particularly within the Baltimore City courts.  That is, sentences are suspended, there is little to no consequence for violations of release or parole, and as a consequence, it appears that many offenders have little to no regard for contact with the judicial system.

Then, when confronted by a federal offense, the impact is typically much more severe and usually quite surprising to the defendants.  But, an appropriate sentence might be the only way to curb the Defendant's recidivism and impress upon him the fact that his conduct is simply unacceptable.

Threatening interstate communications are an increasing problem, perhaps prompted in part by what seems to be a decline in public civility at even the highest echelons of public office.  The Office of the United States Attorney for the District of Maryland will, to the best of our ability, hold perpetrators accountable.  These are not victimless crimes and indeed the distress and emotional turmoil can be significant.  Bradby, like others must be held accountable.

The Defendant's guideline range in this case is higher than most other cases in this District, resulting in a substantially higher guideline range.  While some variance for factors illuminated in the presentence report may be warranted, Bradby does not deserve excessive lenience from this court.  Indeed, the lenience he has received in other cases failed to correct his behavior.  Perhaps—hopefully—a more severe sentence in this case will do so.

    Respectfully submitted,

    Erek L. Barron
    United States Attorney

By: _____
    P. Michael Cunningham
    Assistant United States Attorney